**In re AMERICAN SHIPYARD CORPORATION, Debtor.**

Bankruptcy No. 96–11753.

United States Bankruptcy Court, D. Rhode Island.

Dec. 4, 1998.

Peter Furness, Peabody & Brown, Providence, RI, for debtor.

Harold Murphy, Hanify & King, Boston, MA, for Chapter 11 Trustee, Stephen Gray.

James Wallack, Goulston & Storrs, Boston, MA, for Lincoln Street Partners LLC.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, Sheryl Serreze, Office of the United States Trustee, Providence, RI, for Creditors' Committee and American Shipyard Distribution Trust.

## ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on October 15, 1998, on Lincoln Street Partners LLC's ("Lincoln Street") Motion for an order directing the Chapter 11 Trustee and the reorganized Debtor to pay its $175,000 breakup fee, which was approved on May 21, 1998. The Chapter 11 Trustee supports the motion and the United States Trustee has no objection, but the Creditors' Committee/Post–Confirmation Creditors' Trust does object, arguing that the $175,000 fee was approved with the understanding that Lincoln Street was to be compensated *only* for its "going forward, out-of-pocket expenses." The Committee argues that because the actual out-of-pocket expenses total only $85,000 since May 1998 when the fee was approved, Lincoln Street will receive a large windfall if it is paid the full $175,000.

The Order states that the "Court approved the breakup fee based on the representations by Lincoln Street (a) that the principals ... have expended and will continue to expend substantial time and resources to perform due diligence ... (b) its principals have incurred and will continue to incur prior to confirmation significant out-of-pocket expenses." Order ¶ 2, pp. 1–2. The Order is conditional upon Lincoln Street substantiating "the principals' expenditure of time and resources, lost opportunity costs, and the out-of-pocket expenses." Order ¶ 2, p. 2. The Order also provides that "the Court shall give full credit and consideration to the expenditure of time and energy by Lincoln Street's principals and the lost opportunity costs they have incurred, and accordingly, Lincoln Street shall not be limited to reimbursement of out-of-pocket expenditures." ¶ 3, p. 2.

Our task today is not to consider the breakup fee *ab initio*, as *it has already been approved and agreed to by all parties in the amount of $175,000*, subject to the provisions outlined above.[1] Although Lincoln Street, by its gross over-estimation of anticipated out-of-pocket expenses, has delivered to the Committee a gift-wrapped invitation to file the present objection, the break up fee was not limited to such expenses, but included a number of other subjective, difficult to quantify, but stipulated items. To adopt the Committee's argument, we would have to rewrite or undo an order that it drafted. There is no basis for doing so, notwithstanding that the Order had "further litigation" written all over it. In light of the undisputed facts and the plain language of the (consented to) Order, which was approved by all interested parties, it is too late to complain now, and Lincoln Street's Motion is GRANTED.

Finally, as guidance in future cases, this Court hopefully has learned from what was probably a mistake here, and next time we will wait until all of the facts and figures are in before determining the alleged value of an alleged stalking horse.

---

1. If we were permitted to revisit this issue today, with hindsight, we would probably not be approving a $175,000 breakup fee in this case.